# Supreme Court of Florida

_____

No. SC19-1354
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, FLORIDA SMALL CLAIMS RULES, AND FLORIDA RULES OF APPELLATE PROCEDURE–JURISDICTION.**

November 14, 2019

PER CURIAM.

The Court has for consideration a joint out-of-cycle report of proposed rule and form amendments, which was filed by The Florida Bar's Civil Procedure Rules Committee, Small Claims Rules Committee, and Appellate Court Rules Committee in response to two requests by the Court,[1] concerning recommendations of the Judicial Management Council's Work Group on County Court Jurisdiction (Work Group),[2] a suggestion by the Office of the State Courts Administrator (OSCA), and recent statutory changes. The Board of Governors of

---

1. *See* Fla. R. Jud. Admin. 2.140(f)(1).

2. *See* Work Group on County Court Jurisdiction, *Recommendations from the Judicial Management Council's Work Group on County Court Jurisdiction* (2018) ("Work Group Recommendations").

The Florida Bar unanimously approved all the proposals. The Court has jurisdiction[3] and adopts most of the committees' proposals. However, the Court has modified some of the proposals and declines to adopt, at this time, the proposed amendments to Florida Rule of Appellate Procedure 9.030(b)(1) (Jurisdiction of District Courts of Appeal; Appeal Jurisdiction).[4]

**Amendments**

The primary amendments to Florida Rule of Civil Procedure Form 1.997 (Civil Cover Sheet) and its instructions implement Work Group Recommendation 1.4 that the civil cover sheet be modified to collect information on the amount in controversy in civil circuit and non-small-claims county court cases to be used to evaluate the need for adjustments to the county court jurisdictional limit.[5] Those amendments, which the Court has modified to be consistent with the circuit courts' exclusive jurisdiction under section 26.012(2)(f) and (g), Florida Statutes (2019), also implement recent statutory changes that, as relevant here, increase the county court jurisdictional limit to $30,000, effective January 1, 2020, and require OSCA to include the claim value of county court and circuit court filings in the reports

3. Art. V, § 2(a), Fla. Const.

4. The Court refers the proposed amendments to rule 9.030(b)(1) back to the Committee, with directions for the Committee to file a new out-of-cycle report explaining the reasons for and the effect of those amendments.

5. *See* Work Group Recommendations at 5.

making county court jurisdiction adjustment recommendations that OSCA must submit to various officials by February 1, 2021.[6] The primary amendments to Rules of Civil Procedure Form 1.998 (Final Disposition Form) and the instructions to that form are in response to a suggestion by OSCA staff that the form be amended to facilitate the collection of the final judgment amount.

The amendment to Florida Small Claims Rule 7.010 (Title and Scope) increases the small claims jurisdictional limit from $5,000 to $8,000, consistent with Work Group Recommendation 3.1, which the Court voted to pursue.[7]

Accordingly, the Florida Rules of Civil Procedure and Florida Small Claims Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2020, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[8]

---

6. *See* ch. 2019-58, § 9, Laws of Fla. (amending § 34.01, Fla. Stat. (2018)).

7. *See* Work Group Recommendations at 6.

8. All comments must be filed with the Court on or before January 28, 2020, with a certificate of service verifying that a copy has been served on the Committee Chairs, Ardith Michelle Bronson, Chair, Civil Procedure Rules Committee, 200 Biscayne Boulevard, FL 25, Miami, Florida 33132-2219, ardith.bronson@dlapiper.com; Maureen B. Walsh, Chair, Small Claims Rules

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure, Florida Rules of Small Claims, Florida Rules of Appellate Procedure – Jurisdiction

Ardith Michelle Bronson, Chair, Civil Procedure Rules Committee, Miami, Florida; Maureen B. Walsh, Chair, Small Claims Rules Committee, Jacksonville, Florida; Thomas D. Hall, Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, and Heather Savage Telfer, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

     for Petitioners

---

Committee, 50 N. Laura Street, Suite 3300, Jacksonville, Florida 32202-3661, mbwalsh@mcguirewoods.com; and Thomas D. Hall, Chair, Appellate Court Rules Committee, 325 N. Calhoun Street, Tallahassee, Florida 32301-7605, thall@mills-appeals.com; and on the Bar Staff Liaisons to the Committees, Mikalla Andies Davis, mdavis@floridabar.org, and Heather Savage Telfer, htelfer@floridabar.org, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chairs have until February 18, 2020, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**FORM 1.997.**    **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner ~~for the use of~~with the Clerk of Court for the purpose of reporting ~~judicial workload~~uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

(Name of Court)_____

Plaintiff _____        Case #:_____

_____                Judge  _____

vs.

Defendant _____

_____

**II.    AMOUNT OF CLAIM**
**Please indicate the estimated amount of the claim, rounded to the nearest dollar. $ _____**

~~II.~~**III.**    **TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

_____ Condominium
_____ Contracts and indebtedness
_____ Eminent domain
_____ Auto negligence
_____ Negligence—other
            _____ Business governance
            _____ Business torts
            _____ Environmental/Toxic tort
            _____ Third party indemnification
            _____ Construction defect
            _____ Mass tort
            _____ Negligent security
            _____ Nursing home negligence
            _____ Premises liability—commercial

- 5 -

_____ Premises liability—residential

_____ Products liability

\_\_\_ Real property/Mortgage foreclosure

\_\_\_\_\_ Commercial foreclosure ~~$0 - $50,000~~

\_\_\_\_\_ ~~Commercial foreclosure $50,001 - $249,999~~

\_\_\_\_\_ ~~Commercial foreclosure $250,000 or more~~

\_\_\_\_\_ Homestead residential foreclosure ~~$0 - $50,000~~

\_\_\_\_\_ ~~Homestead residential foreclosure $50,001 - $249,999~~

\_\_\_\_\_ ~~Homestead residential foreclosure $250,000 or more~~

\_\_\_\_\_ Non-homestead residential foreclosure ~~$0 - $50,000~~

\_\_\_\_\_ ~~Non-homestead residential foreclosure $50,001 - $249,999~~

\_\_\_\_\_ ~~Non-homestead residential foreclosure $250,00 or more~~

\_\_\_\_\_ Other real property actions ~~$0 - $50,000~~

\_\_\_\_\_ ~~Other real property actions $50,001 - $249,999~~

\_\_\_\_\_ ~~Other real property actions $250,000 or more~~

_____ Professional malpractice

_____ Malpractice—business

_____ Malpractice—medical

_____ Malpractice—other professional

_____ Other

_____ Antitrust/Trade regulation

_____ Business transactions

_____ Constitutional challenge—statute or ordinance

_____ Constitutional challenge—proposed amendment

_____ Corporate trusts

_____ Discrimination—employment or other

_____ Insurance claims

_____ Intellectual property

_____ Libel/Slander

_____ Shareholder derivative action

_____ Securities litigation

_____ Trade secrets

_____ Trust litigation

## COUNTY CIVIL

_____ Civil

_____ Replevins
_____ Evictions
_____ Other civil (non-monetary)

**III.IV. REMEDIES SOUGHT** (check all that apply):
_____ Monetary;
_____ Nonmonetary declaratory or injunctive relief;
_____ Punitive

**IV.V. NUMBER OF CAUSES OF ACTION:** [   ]
(Specify) _____
_____

**V.VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
_____ yes
_____ no

**VI.VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
_____ no
_____ yes If "yes," list all related cases by name, case number, and court. _____
_____
_____
_____

**VII.VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
_____ yes
_____ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____ Fla. Bar # _____
               Attorney or party                                                    (Bar # if attorney)

_____
(type or print name)                          Date

**FORM 1.997.**     **INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET**

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases ~~or other county court cases~~, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.     Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.     Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar.  The estimated amount of the claim is requested for data collection and clerical processing purposes and is not considered dispositive of the claim.

~~II.~~**III.   Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

**Circuit Civil**

(A)     Condominium—all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B)     Contracts and indebtedness—all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.

(C)     Eminent domain—all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D)     Auto negligence—all matters arising out of a party's allegedly negligent operation of a motor vehicle.

(E)     Negligence—other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F)     Business governance—all matters relating to the management, administration, or control of a company.

(G)     Business torts—all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)     Environmental/Toxic tort—all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)     Third party indemnification—all matters relating to liability transferred to a third party in a financial relationship.

(J)     Construction defect—all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K)     Mass tort—all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L)     Negligent security—all matters involving injury to a person or property allegedly resulting from insufficient security.

(M)     Nursing home negligence—all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N)     Premises liability—commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O)     Premises liability—residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P)     Products liability—all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q)     Real property/Mortgage foreclosure—all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units. (The amount of claim specified in Section II. of the form determines the filing fee pursuant to section 28.241, Florida Statutes.)

(R)     Commercial foreclosure—all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(S)     Homestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T)     Nonhomestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U)  Other real property actions—all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. ~~Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).~~

(V)  Professional malpractice—all professional malpractice lawsuits.

(W) Malpractice—business—all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)  Malpractice—medical—all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)  Malpractice—other professional—all matters relating to negligence of those other than medical or business professionals.

(Z)  Other—all civil matters not included in other categories.

(AA)  Antitrust/Trade regulation—all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)  Business transactions—all matters relating to actions that affect financial or economic interests.

(AC)  Constitutional challenge—statute or ordinance—a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)  Constitutional challenge—proposed amendment—a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE)  Corporate trusts—all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF)  Discrimination—employment or other—all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)  Insurance claims—all matters relating to claims filed with an insurance company.

(AH)  Intellectual property—all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)  Libel/Slander—all matters relating to written, visual, oral, or aural defamation of character.

(AJ)    Shareholder derivative action—all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)    Securities litigation—all matters relating to the financial interest or instruments of a company or corporation.

(AL)    Trade secrets—all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)    Trust litigation—all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

**County Civil**

(AN)    Civil – all matters involving claims ranging from $8,001 through $30,000 in damages, exclusive of interest, costs, and attorney fees.

(AO)    Replevins—all lawsuits pursuant to Chapter 78, Florida Statutes, involving claims up to $30,000.

(AP)    Evictions—all matters involving the recovery of possession of leased land or rental property by process of law.

(AQ)    Other civil (non-monetary)—includes all other non-monetary county civil matters that were not described in other county civil categories.

~~III.~~**IV. Remedies Sought**. Place an "X" on the appropriate line.  If more than one remedy is sought in the complaint or petition, check all that apply.

~~IV.~~**V.  Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

~~V.~~**VI.  Class Action.** Place an "X" on the appropriate line.

~~VI.~~**VII. Related Cases.** Place an "X" on the appropriate line.

~~VII.~~**VIII. Is Jury Trial Demanded In Complaint?** Check the appropriate line to indicate whether a jury trial is being demanded in the complaint.

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet.  Print legibly the name of the person signing the civil cover sheet.  Attorneys must include a Florida Bar number.  Insert the date the civil cover sheet is signed.  Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425.**

**FORM 1.998.         FINAL DISPOSITION FORM**

This form shall be filed by the prevailing party ~~for the use of~~with the Clerk of Court for the purpose of reporting ~~judicial workload~~uniform case data pursuant to Florida Statutes section 25.075. (See instructions on the reverse of the form.)

---

I.       CASE STYLE

(Name of Court)_____

Plaintiff _____                        Case # _____

_____                                 Judge _____

vs.

Defendant _____

_____

---

II. AMOUNT OF FINAL JUDGMENT
Please indicate the amount of the final judgment, rounded to the nearest dollar. $ _____

~~II.~~III.    MEANS OF FINAL DISPOSITION (Place an "x" in one box for major category and one subcategory, if applicable, only)
☐       Dismissed Before Hearing
☐       Dismissed Pursuant to Settlement ~~——~~ Before Hearing
☐       Dismissed Pursuant to Mediated Settlement ~~——~~ Before Hearing
☐       Other ~~——~~ Before Hearing
☐       Dismissed After Hearing
☐       Dismissed Pursuant to Settlement ~~——~~ After Hearing
☐       Dismissed Pursuant to Mediated Settlement ~~——~~ After Hearing
☐       Other ~~After Hearing——~~ After Hearing
☐       Disposed by Default
☐       Disposed by Judge
☐       Disposed by Non-jury Trial
☐       Disposed by Jury Trial
☐       Other

---

DATE _____        _____
                          SIGNATURE OF ATTORNEY FOR PREVAILING PARTY

- 12 -

## INSTRUCTIONS FOR ATTORNEYS COMPLETING FINAL DISPOSITION FORM

**I.      Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned to the case and the names (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.      Amount of Final Judgment.** Enter the amount as recorded in the final judgment.

**II.III.  Means of Final Disposition.** Place an "x" in the appropriate major category box and in the appropriate subcategory box, if applicable. The following are the definitions of the disposition categories.

(A)      Dismissed Before Hearing—the case is settled, voluntarily dismissed, or otherwise disposed of before a hearing is held;

(B)      Dismissed Pursuant to Settlement — Before Hearing—the case is voluntarily dismissed by the plaintiff after a settlement is reached without mediation before a hearing is held;

(C)      Dismissal Pursuant to Mediated Settlement — Before Hearing—the case is voluntarily dismissed by the plaintiff after a settlement is reached with mediation before a hearing is held;

(D)      Other - Before Hearing—the case is dismissed before hearing in an action that does not fall into one of the other disposition categories listed on this form;

(E)      Dismissed After Hearing—the case is dismissed by a judge, voluntarily dismissed, or settled after a hearing is held;

(F)      Dismissal Pursuant to Settlement—After Hearing—the case is voluntarily dismissed by the plaintiff after a settlement is reach without mediation after a hearing is held;

(G)      Dismissal Pursuant to Mediated Settlement—After Hearing—the case is voluntarily dismissed by the plaintiff after a settlement is reach with mediation after a hearing is held;

(H)      Other—After Hearing—the case is dismissed after hearing in an action that does not fall into one of the other disposition categories listed on this form;

(I)      Disposed by Default—a defendant chooses not to or fails to contest the plaintiff's allegations and a judgment against the defendant is entered by the court;

(J)      Disposed by Judge—a judgment or disposition is reached by the judge in a case that is not dismissed and in which no trial has been held. Includes stipulations by the parties, conditional judgments, summary judgment after hearing and any matter in which a judgment is entered excluding cases disposed of by default as in category (I) above;

(K)     Disposed by Non-Jury Trial—the case is disposed as a result of a contested trial in which there is no jury and in which the judge determines both the issues of fact and law in the case;

(L)     Disposed by Jury Trial—the case is disposed as a result of a jury trial (consider the beginning of a jury trial to be when the jurors and alternates are selected and sworn);

(M)     Other—the case is consolidated, submitted to arbitration or mediation, transferred, or otherwise disposed of by other means not listed in categories (A) through (L).

**DATE AND ATTORNEY SIGNATURE.** Date and sign the final disposition form.

**RULE 7.010.          TITLE AND SCOPE**

    **(a)**    **[No Change]**

    **(b)**    **Scope.** These rules are applicable to all actions of a civil nature in the county courts which contain a demand for money or property, the value of which does not exceed $~~5,000~~8,000 exclusive of costs, interest, and attorneys' fees. If there is a difference between the time period prescribed by these rules and by section 51.011, Florida Statutes, the statutory provision shall govern.

**Committee Notes**

**[No Change]**